UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**KATINA MALLORY,**

 **Plaintiff,**

**vs.**             **CASE NO.:**

**HALIFAX STAFFING, INC.,**

 **Defendant.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff KATINA MALLORY ("Plaintiff"), sues the Defendant HALIFAX STAFFING, INC. ("Defendant"), and in support thereof states as follows:

**INTRODUCTION**

1. This is an action brought pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Title VII of the Civil Rights Act of 1964, as amended, by the Civil Rights Act of 1991, 42 U.S.C. §2000e *et seq.* ("Title VII"), the Florida Civil Rights Act of 1992, Fla. Stat. §760.01 *et seq.* ("FCRA"), the Civil Rights Act of 1866, 42 U.S.C. §1981 ("Section 1981"), the Americans with Disabilities Act, as amended, ("ADAAA"), 42 U.S.C. 12101, *et seq.,* to recover front pay, back pay, an equal amount as liquidated damages, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## PARTIES

2. Plaintiff is an adult individual who resides in Daytona Beach, Volusia County, Florida.

3. Defendant HALIFAX STAFFING, INC. is and was, at all relevant times, operating in Volusia County, Florida, and is within the jurisdiction of this Court. Therefore, venue is proper in this Court.

4. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 with federal questions involving Title VII, Section 1981, ADAAA and 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, pursuant to 28 U.S.C. § 2201 et seq., and the FCRA, 28 U.S.C. §1367, because at all times material to this Complaint, Plaintiff worked for Defendant in Volusia County, Florida.

6. The illegal conduct complained of and the resultant injury occurred within the judicial district in and for Volusia County, Florida.

7. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 31, 2019. On September 9, 2019, the EEOC issued its right-to-sue letter. Therefore this Complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

## GENERAL ALLEGATIONS

8. At all times material, Defendant acted with malice and with reckless

disregard for Plaintiff's federally protected rights.

9. Plaintiff retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

10. Plaintiff is an African-American female and was employed by Defendant from on or about August 1, 2010 through February 2019, as a Registered Nurse in the ICU Trauma Unit.

## FACTS

11. On or about November 16, 2018, Plaintiff was involved in a motor vehicle accident and sustained neck and lower back injuries. These injuries were a "serious health condition" as defined by the FMLA.

12. Due to the injuries sustained in the accident, Plaintiff was unable to work and accordingly, went out on approved FMLA leave beginning on or about November 19, 2018.

13. Plaintiff's FMLA leave was scheduled to expire on or about the first week of February 2019. On January 29, 2019, Plaintiff's doctor released her to return to work on light duty with the restriction that Plaintiff not lifting more than 35 pounds. This light duty order from Plaintiff's doctor indicated Plaintiff would be re-evaluated in thirty (30) days.

14. On that same day, January 29, 2019, Plaintiff contacted her manager Greg Tumblin, and informed him that she had been released to return to work on light duty, with the restriction of not lifting more than 35 pounds. Thus, Plaintiff requested an accommodation to return to work on light duty for at least 30 days.

15. In response to Plaintiff's request, Tumblin stated that he did not have light

duty work and therefore Plaintiff could not return to work.

16. Plaintiff was surprised by Tumlin's response because she was personally aware of two other nurses who were allowed to perform light duty work as an accommodation. Both nurses, Amanda Loux and Amanda Buckley-Colvin are white.

17. Plaintiff nonetheless offered to perform the same light duty work as the two white nurses, as well as other possible light duty jobs, including Resources Nurse, Chart Checks, Charge Nurse and Sitter. Plaintiff was denied her request for an accommodation to work in each of these capacities and was informed that unless she returned back to work at full duty, her position would be terminated.

18. Because Plaintiff was denied her request to return to work on light duty as RN in the ICU Trauma Unit, Plaintiff applied for other positions within Halifax: Hospice Liaison, Charge Nurse and ED Supervisor, but was not hired for either position.

19. Plaintiff was then informed that Halifax was terminating her employment.

20. Plaintiff believes her termination was in retaliation for complaining about race discrimination and because of her request for an accommodation under the ADAAA.

21. Plaintiff has suffered damages as a result of Defendant's unlawful conduct.

22. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on May 31, 2019. On September 9, 2019, the EEOC issued its right-to-sue letter. Therefore this complaint is being filed within 90 days of Plaintiff receiving her right-to-sue letter.

23. Plaintiff seeks all available remedies including but not limited to a

declaration from this Court that Defendant has violated the FMLA; an order awarding lost wages, benefits and other compensation; an order awarding all actual monetary losses suffered as a result of Defendant's conduct, as well as liquidated damages, per se and post judgment interest and her attorneys' fees and costs.

**COUNT I – DISCRIMINATION BASED ON RACE IN VIOLATION OF TITLE VII**

24. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-23.

25. Plaintiff is a member of a protected class due to her race.

26. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her race in violation of Title VII.

27. Defendant knew or should have known of the discrimination.

28. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

      e.      Injunctive relief;

      f.      Prejudgment interest;

      g.      Costs and attorney's fees; and

      h.      Such other relief as the Court may deem just and proper.

## COUNT II
## DISCRIMINATION BASED ON RACE IN VIOLATION OF SECTION 1981

29. Plaintiff re-alleges and adopts paragraph 1 – 23 as though set forth fully Herein.

30. Plaintiff is member of protected class under Section 1981due to her race.

31. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her race in violation of Section 1981.

32. Defendant knew or should have known of the discrimination.

33. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

      **WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a.  Back pay and benefits;

      b.  Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering;

  e. Injunctive relief;

  f. Prejudgment interest;

  g. Costs and attorney's fees;

  h. Punitive damages; and,

  i. Such other relief as the Court may deem just and proper.

## COUNT III-DISCRIMINATION UNDER THE ADAAA

34. Plaintiff realleges and adopts the allegations of paragraphs 1-23 above as if fully set forth herein.

35. Plaintiff was a qualified individual with a disability.

36. Plaintiff was perceived as disabled by Defendant.

37. Defendant was Plaintiff's employer as defined by the ADAAA.

38. Defendant discriminated against Plaintiff because of her actual or perceived disability in violation of the ADAAA.

39. Defendant discriminated against Plaintiff because she exercised her rights under the ADAAA by notifying Defendant of her request for an accommodation of working for health reasons. Plaintiff also believes she was discriminated against because of her actual and/or perceived disability.

40. Defendant had actual or constructive knowledge of the discriminatory conduct.

41. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

42. Defendant's conduct violated Plaintiff's right to be free from discrimination as guaranteed by the ADAAA.

43. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

44. Defendant's violations of the ADAAA were willful.

45. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits and/or lost earning capacity;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Declaratory judgment that Defendant's practices violate the ADAAA;

    h. Costs and attorney's fees; and

    i. Such other relief as the Court may deem just and proper.

**COUNT IV**
**DISCRIMINATION BASED ON RACE IN VIOLATION OF THE FCRA**

46. Plaintiff re-alleges and adopts paragraph 1 – 23 as though set forth fully

herein.

47. Plaintiff is a member of a protected class due to her race.

48. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her race in violation of the FCRA.

49. Defendant knew or should have known of the discrimination.

50. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT V
## DISCRIMINATION BASED ON DISABILITY IN VIOLATION OF THE FCRA

51. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-23.

52. Plaintiff is a member of a protected class due to her disability/handicap.

53. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on the basis of her disability/handicap in violation of the FCRA.

54. Defendant knew or should have known of the discrimination.

55. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under state law.  As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h.   Such other relief as the Court may deem just and proper.

## COUNT VI
## FMLA INTERFERENCE

56. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1-23.

57. Plaintiff was an employee entitled to the protection of the FMLA.

58. Defendant was Plaintiff's employer as defined by the FMLA.

59. Defendant's actions interfered with Plaintiff's lawful exercise of her rights under the FMLA.

60. The Defendant's actions constitute violations of the FMLA.

61. Defendant's violations of the FMLA were willful.

62. As a result of Defendant's unlawful actions, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

63. Plaintiff is entitled to recover her attorneys' fees and costs.

WHEREFORE, Plaintiff, KATINA MALLORY, demands judgment against Defendant back pay and benefits, Interests, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, punitive damages, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT VII
## RETALIATION IN VIOLATION OF TITLE VII

64. Plaintiff re-alleges and adopts paragraph 1 – 23 as though set forth fully

herein.

65. Plaintiff is member of protected class under Title VII because she engaged in protective activities.

66. Plaintiff also engaged in protected activity when she complained about what she believed to be racial discrimination when Defendant allowed two white females to perform light duty work as an accommodation.

67. This retaliation ultimately resulted in Plaintiff's termination.

68. By the conduct described above, Defendant retaliated against Plaintiff because she engaged in protected activities in violation of Title VII.

69. Defendant knew, or should have known; of the retaliation that Plaintiff was subjected.

70. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages for emotional pain and suffering;

 e. Injunctive relief;

 f. Prejudgment interest;

 g. Costs and attorney's fees; and

 h. Such other relief as the Court may deem just and proper.

## COUNT VIII
## RETALIATION IN VIOLATION OF SECTION 1981

71. Plaintiff re-alleges and adopts paragraph 1 – 23 as though set forth fully herein.

72. Plaintiff is member of protected class under Section 1981 because she engaged in protective activities.

73. Plaintiff also engaged in protected activity when she complained about what she believed to be racial discrimination when Defendant allowed two white females to perform light duty work as an accommodation.

74. This retaliation ultimately resulted in Plaintiff's termination.

75. By the conduct described above, Defendant retaliated against Plaintiff because she engaged in protected activities in violation of Section 1981.

76. Defendant knew, or should have known; of the retaliation that Plaintiff was subjected.

77. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE,** Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

 a. Back pay and benefits;

 b. Interest on back pay and benefits;

 c. Front pay and benefits;

 d. Compensatory damages for emotional pain and suffering;

  e. Injunctive relief;

  f. Prejudgment interest;

  g. Costs and attorney's fees; and

  h. Such other relief as the Court may deem just and proper.

## COUNT IX
### RETALIATION IN VIOLATION OF DISCRIMINATION UNDER ADAAA

78. Plaintiff realleges and adopts the allegations of paragraphs 1-23 above as if fully set forth herein.

79. Plaintiff requested an accommodation under the ADAAA to work light duty for at least thirty (30) days because of her disability. However, without engaging in an interactive process, Tumblin denied Plaintiff's accommodation request.

80. After Tumblin's denial of Plaintiff's request for an accommodation, Plaintiff offered to work other possible light duty jobs as Amanda Loux and Amanda Buckley-Covin and other light duty jobs such as Resources Nurse, Chart Checks, Charge Nurse and Sitter.

81. Plaintiff was denied her request for an accommodation to work in each of these capacities and was informed that unless she returned back to work on full duty, her position would be terminated.

82. Because Plaintiff was not granted an accommodation to return to work on light duty as RN in the ICU Trauma Unit, she applied for three other positions in Halifax including Hospice Liaison, Charge Nurse and ED Supervisor but was not hired for any of the positions.

83. Plaintiff was then informed that Halifax would be severing ties with her.

84. Plaintiff engaged in protected activity when she requested an accommodation under the ADAAA.

85. Plaintiff was terminated in retaliation for requesting an accommodation under the ADAAA.

86. This retaliation resulted in Plaintiff's termination.

87. By the conduct described above, Defendant retaliated against Plaintiff because she engaged in protected activities in violation of the ADAAA.

88. Defendant knew, or should have known; of the retaliation that Plaintiff was subjected.

89. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

**WHEREFORE,** Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits and/or lost earning capacity;

d. Compensatory damages;

e. Damages for mental anguish and emotional distress;

f. Injunctive relief;

g. Prejudgment interest;

h. Declaratory judgment that Defendant's practices violate the ADAAA;

i. Costs and attorney's fees; and

j.      Such other relief as the Court may deem just and proper.

## COUNT X
## RETALIATION IN VIOLATION OF THE FCRA

90.     Plaintiff re-alleges and adopts paragraphs 1 – 23 as though set forth fully herein.

91.     Plaintiff is a member of a protected class under the FCRA because she engaged in protective activities.

92.     Plaintiff engaged in protected activity when she complained to Human Resources about being treated differently because of her race and discrimination that she experienced.

93.     Plaintiff also engaged in protected activity when she filed her charge of discrimination against Defendant.

94.     This retaliation resulted in Plaintiff's termination.

95.     By the conduct described above, Defendant treated Plaintiff differently than her non-African-American co-workers and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of the FCRA.

96.     Defendant knew, or should have known, of the retaliation, discrimination and harassment that Plaintiff was subjected.

97.     At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

  a. Back pay and benefits;

  b. Interest on back pay and benefits;

  c. Front pay and benefits;

  d. Compensatory damages for emotional pain and suffering;

  e. Injunctive relief;

  f. Prejudgment interest;

  g. Costs and attorney's fees; and

  h. Such other relief as the Court may deem just and proper.

## COUNT XI - FMLA RETALIATION

98. Plaintiff re-alleges and adopts the allegations stated in Paragraphs 1 - 23.

99. Plaintiff was an employee entitled to the protection of the FMLA.

100. Defendant was Plaintiff's employer as defined by the FMLA.

101. Defendant discriminated and/or retaliated against Plaintiff for asserting her Rights under the FMLA.

102. Defendant had actual or constructive knowledge of the discriminatory and/or retaliatory conduct of Plaintiff's supervisor.

103. Defendant's actions constitute violations of the FMLA.

104. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

105. Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA covered leave.

106. Defendant's conduct violated Plaintiff's right to be free from

discrimination/retaliation as guaranteed by the FMLA.

107. As a result of Defendant's actions, Plaintiff has suffered damages for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

108. Defendant's violations of the FMLA were willful.

109. Plaintiff is entitled to recover her attorneys' fees and costs.

WHEREFORE, Plaintiff, KATINA MALLORY, demands judgment against Defendant back pay and benefits, Interests, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, punitive damages, and reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT XII
## RETALIATION IN VIOLATION OF THE FCRA

110. Plaintiff re-alleges and adopts paragraphs 1 – 23 as though set forth fully herein.

111. Plaintiff is a member of a protected class under the FCRA because she engaged in protective activities.

112. Plaintiff engaged in protected activity when she complained to Human Resources about being treated differently because of her disability/handicap and discrimination that she experienced.

113. Plaintiff also engaged in protected activity when she filed her charge of discrimination against Defendant.

114. This retaliation resulted in Plaintiff's termination.

115. By the conduct described above, Defendant treated Plaintiff differently than her non-African-American co-workers and engaged in unlawful employment practices and retaliated against Plaintiff because she engaged in protected activities in violation of the FCRA.

116. Defendant knew, or should have known, of the retaliation, discrimination and harassment that Plaintiff was subjected.

117. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's state and federally protected rights.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    i. Back pay and benefits;

    j. Interest on back pay and benefits;

    k. Front pay and benefits;

    l. Compensatory damages for emotional pain and suffering;

    m. Injunctive relief;

    n. Prejudgment interest;

    o. Costs and attorney's fees; and

    p. Such other relief as the Court may deem just and proper.

## JURY DEMAND

The Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted on this 19th day of September, 2019.

                    **s/ ANTHONY J. HALL**
                    **Anthony J. Hall, Esq.**
                    Florida Bar No.: 40924
                    Morgan & Morgan, P.A.
                    20 N. Orange Ave., 16th Floor
                    Orlando, FL 32801
                    MAILING: P.O. Box: 530244
                    Atlanta, GA 30353-0244
                    Direct Tel.: (407) 418 2079
                    Facsimile: (407) 245-3390
                    Email: ahall@forthepeople.com
                    Counsel for Plaintiff